**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONALD E. WEBB, d/b/a Webb
Distributors, an individual,

      Plaintiff - Appellant,

v.

MACK BLEVINS, an individual d/b/a
Mack Blevins Enterprises; MACK
BLEVINS ENTERPRISES, an
Oklahoma Limited Liability Company,

      Defendants - Appellees,

v.

ARMONDS MANUFACTURING
COMPANY, INC., a Georgia
corporation,

      Third-Party-Defendant.

No. 03-5093

(D.C. No. 00-CV-730-P(M))

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit
Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This appeal stems from a continuing dispute regarding a trademark on toothpicks. *Pro se* Appellant Webb filed a complaint against Appellee Blevins alleging trademark infringement, false advertising, and other related claims in connection with the name "Angled ProPicks." Appellee filed a third-party complaint seeking indemnity or contribution from Armonds Manufacturing Company, not a party to this appeal. Appellee then filed a motion for partial summary judgment. On February 18, 2003, the district court entered an order granting in part and denying in part Appellee's motion for partial summary judgment and dismissing Appellant's claims which alleged violation of the Oklahoma Unfair Sales Act and the Oklahoma Antitrust Act. The remainder of the claims were tried before a jury. The jury returned a verdict for Appellee and against Appellant on all counts. The district court subsequently entered judgment in favor of Appellee and against Appellant. This appeal followed.

We initially note that Appellant's brief is nothing more than his Trial Brief with a new cover page, conclusion, and exhibits. The brief does not have a statement of issues or an argument section to support any issues. Additionally,

the exhibits and new "evidence" included at the end of the brief were not part of the record in the district court. As such, we are unable to identify any proper issues raised for appellate review. We have carefully reviewed the briefs, the district court's disposition, and the record on appeal. We will not "manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below." Scott v. Hern, 216 F.3d 897, 910 n.7 (10th Cir. 2000) (citations and internal quotations omitted). To the extent that we can decipher Appellant's arguments on appeal, there is no support in the record for any of his contentions.

**AFFIRMED**. Appellant's Motion to Supplement the Record is **DENIED**. Appellant's Motion to Deliver All Work Product and Evidence is **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge